UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., UNIVERSAL MUSIC-MGB SONGS, UNIVERSAL MUSIC CORPORATION, AEROSTATION CORPORATION, CENTER CITY MUSIC, and PAL-PARK MUSIC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>M15 CONCERT BAR & GRILL L.L.C., and BENJAMIN P. VALENTY,<br><br>　　　　　Defendants. | Case No. 5:17-cv-00167-SJO-KK<br><br>**CONSENT JUDGMENT** |

WHEREAS, the Complaint in this action was filed by WB Music Corp., Universal Music-MGB Songs, Universal Music Corporation, Aerostation Corporation, Center City Music, and Pal-Park Music (collectively, "Plaintiffs") on January 31, 2017, alleging four counts of copyright infringement against M15 Concert Bar & Grill L.L.C. ("M15") and Benjamin P. Valenty (together with M15, "Defendants") arising out of Defendants' unauthorized public performances of Plaintiffs' copyrighted musical compositions at M15 Concert Bar & Grill, an establishment owned and operated by Defendants.

WHEREAS, the parties, through their undersigned counsel, have agreed to resolve all claims between them in the manner set forth below.

It is therefore ORDERED, ADJUDGED, AND DECREED that:

1. Defendants are enjoined and restrained permanently from publicly performing any or all of Plaintiffs' copyrighted musical compositions and from causing or permitting Plaintiffs' copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions at any establishment owned, operated, managed, and or controlled by Defendants, or either individual Defendant, unless Defendants shall previously have obtained permission for such performances, either directly from Plaintiffs or by license from the American Society of Composers, Authors and Publishers ("ASCAP").

2. Judgment is hereby entered against Defendants, jointly and severally, in the sum of Twenty-Five Thousand and no/100 dollars ($25,000.00) (the "Judgment Amount"), which amount can be satisfied by Defendants' payment of a sum of Seventeen Thousand and no/100 dollars ($17,000.00) (the "Settlement Amount"). Defendants shall pay the Settlement Amount to ASCAP, on behalf of the Plaintiffs, in 11 installments, as follows: (i) $750.00 on or before December 11, 2017; (ii) $750.00 on or before January 1, 2018; (iii) $750.00 on or before February 1, 2018; (iv) $750.00 on or before March 1, 2018; (v) $2,000.00 on or before April 1, 2018; (vi) $2,000.00 on or before May 1, 2018; (vii) $2,000.00 on or before June 1, 2018; (viii) $2,000.00 on or before July 1, 2018; (ix) $2,000.00 on or before August 1, 2018; (x) $2,000.00 on or

before September 1, 2018; and (xi) $2,000.00 on or before October 1, 2018.

3. The aforementioned payments shall be made either by certified, cashier's or bank check, or money order, made payable to ASCAP and sent or delivered to ASCAP at its office at 1900 Broadway, 6th Floor, New York, NY 10023, ATTENTION: JACKSON WAGENER; or by wire transfer to an account to be designated by ASCAP. The payments shall be delivered so that they <u>arrive</u> no later than the due dates set forth above.

4. In the event that Defendants fail to make any of the payments in accordance with the provisions of paragraphs 2 and 3 above, Plaintiffs shall provide written notice of such default, via U.S. Mail and email, to Defendants' counsel, Rick Blake, Esq., Blake & Ayaz, A Law Corporation, 2197 N. Broadway, Suite 106, Santana Ana, California 92706, rick@rablake.com. Defendants shall have the opportunity to cure the default by paying the past due amount within seven (7) days of notice. If Defendants fail to cure the default, Plaintiffs shall be entitled to recover the entire Judgment Amount less any payments made by Defendants in partial satisfaction of this Consent Judgment, plus its reasonable attorneys' fees incurred in connection with its efforts to collect on this Consent Judgment, plus post-judgment interest at the rate of 10% per annum.

5. Upon receiving the Settlement Amount (or full payment of the Judgment Amount plus applicable fees and interests in the event of default), Plaintiffs shall file a satisfaction of this Judgment with the Court.

6. Defendants shall not willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Consent Judgment. In the event that M15 or Valenty files a petition in bankruptcy, any sum then due pursuant to this Consent Judgment shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

7. Plaintiffs and Defendants have agreed to the terms of this Consent Judgment following consultation with legal counsel.

8. This Consent Judgment shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of

ASCAP and Defendants.

9. Plaintiffs shall be granted all such writs and process as is necessary or proper for the enforcement of this Consent Judgment.

10. Subject to the Court's continuing jurisdiction over the parties for purposes of enforcement of this Consent Judgment, this action is dismissed.

## **ORDER**

IT IS SO ORDERED, this 22nd day of November, 2017.

*S. James Otero*
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE